# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLITA LAWS and CHARLES LAWS, II, Individually and as Administrator of the Estate of CHARLES LAWS, III, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N17C-01-414 ALR |
| VALORIE HANDY, HANDY'S LITTLE DISCIPLES, and BOLARIUS HANDY, | ) ) ) ) | |
| Defendants. | ) | |

Submitted: May 14, 2020
Decided: June 18, 2020

*Upon Plaintiffs' Supplemental Motion for Summary Judgment*
*Against Defendant Valorie Handy d/b/a and a/k/a Handy's Little Disciples*
**DENIED WITHOUT PREJUDICE**

## <u>MEMORANDUM OPINION</u>

Brian E. Lutness, Esquire, Silverman, McDonald & Friedman, Wilmington, Delaware, Ammar S. Wasfi, Esquire, The Killino Firm, P.C., Philadelphia, Pennsylvania, Attorneys for Plaintiffs.

Valorie Handy, Self-Represented Litigant.

Handy's Little Disciples, Self-Represented Litigant.

**Rocanelli, J.**

This is a wrongful death case arising from the death of 10-month-old Charles Laws, III ("Baby Charles") at Handy's Little Disciples Home Daycare Center ("Daycare Center"). Baby Charles died as a result of medication administered by Defendant Valorie Handy. Ms. Handy was convicted of Criminally Negligent Homicide in relation to the death of Baby Charles.

The parents and estate of Baby Charles ("Plaintiffs") brought this civil action asserting several counts of negligence against Ms. Handy, Ms. Handy's husband, and the Daycare Center.[1] Plaintiffs seek summary judgment against Ms. Handy and the Daycare Center, arguing that the criminal conviction precludes Ms. Handy from arguing that she is not civilly liable for Baby Charles' death based on the doctrine of collateral estoppel.

## PROCEDURAL BACKGROUND

On January 16, 2020, over three months after the deadline for dispositive motions[2] and without leave of Court, Plaintiffs filed a motion for summary judgment against Ms. Handy and the Daycare Center. A pre-trial conference was previously held on January 28, 2020, during which the parties agreed that (1) Ms. Handy would provide Plaintiffs with expert reports within 30 days, (2) Plaintiffs' counsel would

---

[1] Plaintiffs also brought claims against various governmental entities and state actors. Those claims have been dismissed. *See Laws v. Handy*, 2017 WL 3127783 (Del. Super. July 21, 2017); D.I. 65.

[2] The deadline for dispositive motions was September 30, 2019. *See* Second Trial Scheduling Order, Apr. 18, 2019, D.I. 75.

1

file a status report regarding Ms. Handy's deposition within 60 days, and (3) Plaintiffs' motion for summary judgment would be withdrawn.[3]

On May 14, 2020, more than one month after the status-report deadline, Plaintiffs filed the instant "supplemental"[4] motion for summary judgment. By that time, the federal and Delaware state governments had declared states of emergency due to COVID-19. By Order dated May 14, 2020, the Court directed Plaintiffs' counsel to promptly file the overdue status report. Counsel responded to the Court's May 14 Order one week later by letter advising the Court that Plaintiffs "do[] not see the need for a deposition of [Ms. Handy]" because Ms. Handy did not produce an expert.[5]

## LEGAL STANDARD

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[7] The moving party bears

---

[3] D.I. 83. Plaintiffs' motion for summary judgment was withdrawn shortly after the conference. *See* D.I. 82.
[4] The supplemental motion suggests that Plaintiffs rely on the arguments set forth in both the supplemental motion and the initial motion for summary judgment. Because the initial motion was withdrawn after the January 28 conference, *see* D.I. 82, the Court considers only the arguments in the supplemental motion.
[5] D.I. 86,
[6] Super. Ct. Civ. R. 56(c).
[7] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

2

the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[8] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[9]

## DISCUSSION

To trigger collateral estoppel at the summary judgment stage, the proponent must show that each of the following elements are satisfied:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[10]

Plaintiffs argue that the first element is satisfied because Ms. Handy was convicted of Criminally Negligent Homicide, a criminal offense that requires the State to prove beyond a reasonable doubt that a criminal defendant caused the death of another with criminal negligence.[11] According to Plaintiffs, the conviction establishes that Ms. Handy was "negligent in causing Baby Charles' death" because "[t]he elements to

---

[8] *Id.*

[9] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[10] *Norman v. State*, 976 A.2d 843, 868 (Del. 2009) (quoting *Capano v. State*, 889 A.2d 968, 986 (Del. 2006)).

[11] *See* 11 *Del. C.* § 631 ("A person is guilty of criminally negligent homicide when, with criminal negligence, the person causes the death of another person.").

be satisfied for a conviction of criminally negligent homicide far exceed those of the tort of negligence in the civil context."[12]

Plaintiffs' motion must be denied because Plaintiffs have failed to satisfy their initial burden of showing that they are entitled to judgment as a matter of law based on the doctrine of collateral estoppel.[13] Although the "criminal negligence" element of the criminal offense and the civil cause of action of negligence are similar in name, each demands a different task from the party with the burden of proof. "Criminal negligence" is a defined term within the Delaware Criminal Code that refers to a criminal defendant's mental state.[14] Specifically, "[a] person acts with criminal negligence . . . when the person fails to perceive a risk that the element exists or will result from the conduct."[15] The civil cause of action of negligence, on

---

[12] Supp. Mot. Summ. J. 7.

[13] Plaintiffs' reliance on *Nationwide Mutual Insurance Co. v. Flagg* is misplaced. In *Flagg*, the defendant in the underlying criminal action had been convicted of several offenses involving "intentional" acts. 789 A.2d 586, 589–90 (2001). After the surviving victim brought suit against the defendant, the defendant's insurance company filed a separate declaratory judgment action seeking a determination that the insurance company need not indemnify the victims due to an exclusion in the defendant's policy for injuries "caused intentionally by . . . the insured's conduct." *Id.* at 592. The Court held that the victims were partially barred from relitigating whether the defendant acted intentionally based on the defendant's prior convictions. *Id.* at 593–94. Unlike the convictions in *Flagg*, Ms. Handy's conviction does not automatically dispose of issues central to Plaintiffs' claims. The jury in Ms. Handy's criminal action found Ms. Handy to have acted with "criminal negligence," as defined by the Delaware Criminal Code. That finding does not automatically establish the elements for liability in a civil negligence action.

[14] *See* 11 *Del. C.* § 231(a).

[15] *Id.*

the other hand, provides a remedy to an injured party who proves, by a preponderance of the evidence, that a defendant breached a duty owed to the injured party and that the breach caused the injury.[16]  Plaintiffs do not argue that Ms. Handy's criminal conviction shows that Ms. Handy owed a duty to Plaintiffs.  Nor do Plaintiffs explain how criminal negligence, as defined by the Delaware Criminal Code, satisfies the duty and breach elements of a civil negligence claim.  Instead, Plaintiffs merely argue that Ms. Handy's conviction for a crime involving the defined term of "criminal negligence," standing alone, establishes the elements of a civil negligence claim.  Without more, Plaintiffs have not shown that the jury in the criminal action decided an issue that "is identical with the one presented in [this] action."[17]  Summary judgment must therefore be denied.

---

[16] *See Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).
[17] *See Norman*, 976 A.2d at 868.

## CONCLUSION

Plaintiffs have not shown that Ms. Handy's conviction for Criminally Negligent Homicide established an issue identical to one presented in this case and therefore have not established the applicability of the doctrine of collateral estoppel. Because Plaintiffs have not met their initial burden of showing that they are entitled to judgment as a matter of law, Plaintiffs' supplemental motion for summary judgment is **DENIED WITHOUT PREJUDICE**. The Court will convene a pre-trial conference and schedule the case for trial once the current states of emergency have been lifted.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**